In the Matter of PETER S. DAVIS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 12, 1982

**APPEARANCES OF COUNSEL**

*Howard Benjamin* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Arthur J. Vivani* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Respondent, admitted to practice in the First Department on March 27, 1967, pleaded guilty in the United States District Court for the Southern District of New York to conspiracy to defraud an agency of the United States (Securities and Exchange Commission) in violation of section 371 of title 18 of the United States Code, and use of the mails and other instrumentalities of interstate commerce to distribute false proxy statements in violation of subdivision (a) of section 78n and section 78ff of title 15 of the

United States Code, 17 CFR 240.14a-9 and section 2 of title 18 of the United States Code, and was fined $5,000 on February 28, 1980. Petitioner moved for an order disciplining respondent based on this conviction. On September 4, 1980 we suspended respondent pursuant to section 90 (subd 4, par f) of the Judiciary Law and referred the matter to the Departmental Disciplinary Committee for the First Judicial Department for a hearing.

On June 3, 1981 the court issued an order further referring the matter to the Honorable DANIEL GUTMAN, acting as referee, for a hearing *de novo*. The petitioner now moves to confirm the referee's report.

In essence, respondent was found to have engaged in a scheme in 1971, together with certain officers and directors of Westcalind Corp. and its parent corporation TDA Industries, Inc., to defraud purchasers of TDA common stock by making untrue statements and omitting material facts in proxy materials and registration statements filed with the Securities and Exchange Commission. This was accomplished by setting up a "straw" corporation, Bernardi Resources Corp., to receive an illegitimate $50,000 finder's fee in March, 1971, in connection with the purchase of Trophies, Inc. by Westcalind. Respondent received $10,000 through this transaction.

In April, 1971, respondent participated in the purchase of 90,000 shares of TDA common stock by Bernardi from Enterprise Research and Development Corp. and affiliated groups at approximately $2 per share below market price. The sellers were falsely informed that Bernardi had no affiliation with TDA, its officers or directors, and that it would be a long-term holder of the securities in order not to depress the market price. Bernardi thereupon immediately resold the securities to the public "in house" through a major stock brokerage firm. A similar transaction involving 123,178 shares of TDA was consummated in May, 1971.

Respondent received approximately $24,000 from the stock transactions. In November, 1971, the date of a public offering of TDA stock, there was filed with the SEC a prospectus prepared by respondent, as TDA's counsel,

which failed to disclose the stock transactions and sham finder's fee. The same omissions applied to the solicitation of proxies from TDA shareholders. In 1975, when these transactions were brought to the attention of the SEC, respondent was required to make restitution to TDA and Westcalind of the $24,000 received by him, plus $121,000, and was permanently barred from practicing before the commission.

Following his guilty plea in September, 1979, respondent co-operated extensively with the Government in connection with its prosecution of other participants in the conspiracy. Judge HAIGHT, who sentenced respondent to a $5,000 fine on February 28, 1980, had presided over the trial in which respondent testified as a Government witness, and expressed high praise for his behavior during an extended period of examination and cross-examination.

Respondent's misconduct was indisputably of a kind and magnitude that requires serious consideration of disbarment as the appropriate penalty. In recommending a lesser penalty the referee considered the following mitigating factors: respondent's misconduct occurred many years ago and in the intervening years he has experienced severe and sustained pain and anguish as a result. He has exhibited genuine remorse; co-operated fully with, and testified for, the Government in the prosecution of other participants in the conspiracy, eliciting praise from the United States District Judge who presided over the trial in which he testified; made restitution far in excess of the benefit that he had personally derived; and has not practiced law since 1975.

On balance, we find in the totality of the circumstances a sufficient basis for the referee's recommendation that respondent be suspended from the practice of law for a period of two years retroactive to September 4, 1980, and accordingly confirm the referee's report and adopt his recommendation.

MURPHY, P. J., KUPFERMAN, SANDLER, SULLIVAN and FEIN, JJ., concur.

Respondent is suspended from practice as an attorney and counselor at law in the State of New York for a period

of two years retroactive to September 4, 1980 and until the further order of this court, with leave to apply for reinstatement as indicated in the order of this court.